U. S. DISTRICT COURT
N. D. OF N. Y.
FILED

MAY 2 2005

AT _____ O'CLOCK ____ M
LAWRENCE K. BAERMAN, Clerk
UTICA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

~~~~~~~~~~~~~~~~~~ ~~~~~~~~~~~~~

STANTON D. ALLABEN,

                Petitioner,

v.                                    9:05-CV-0463
                                           (DNH)(RFT)

D.B. DREW; and HARLEY LAPPIN,

                Respondents.

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

APPEARANCES:

STANTON D. ALLABEN
Petitioner, *pro se*
96843-071
FCI Ray Brook
P.O. Box 9005
Ray Brook, NY 12977

DAVID N. HURD
United States District Judge

## DECISION and ORDER

### I. Introduction

Presently before the Court for review is a petition for a writ of habeas corpus brought by Stanton D. Allaben pursuant to 28 U.S.C. § 2241. Dkt. No. 1. This action, which was commenced in the United States District Court for the District of South Carolina, was transferred to the Northern District by Order of District Judge Henry F. Floyd. Dkt. No. 4. Petitioner has paid the statutory filing fee for this action.

### II. The Petition

In his petition, Allaben alleges that his eligibility for prerelease to a Community Corrections Center ("CCC") was improperly determined by the Bureau of Prisons ("BOP").

Specifically, petitioner claims that the BOP's December 2002 administrative determination that the period of CCC release would be limited to the last 10% of an inmate's prison term (not to exceed 6 months) constituted an unlawful change in policy which cannot be retroactively applied to inmates like petitioner who were sentenced prior to the policy change. Petition at 1-2. Petitioner also claims that the Bureau of Prisons has "indicated" that Allaben will not qualify for CCC placement due to "his offense conduct." *Id.* at 8. Petitioner seeks declaratory and injunctive relief mandating his release to a CCC. For a complete statement of Allaben's claims, reference is made to the petition.

The facts underlying petitioner's claims are not clearly stated in the petition. Petitioner states that he was sentenced on September 27, 2001, in the United States District Court for the District of South Carolina to a term of 70 months imprisonment. Petition at 6. According to Allaben, he was resentenced on July 14, 2003 to a term of 55 months imprisonment. *Id.*

### III. Discussion

Petitioner filed this petition pursuant to 28 U.S.C. § 2241 and is challenging, not his conviction, but the execution of his sentence. *See Chamber v. United States*, 106 F.3d 472, 474-75 (2d Cir. 1997) (habeas petition under § 2241 available to federal prisoner challenging execution of his sentence); *Kingsley v. Bureau of Prisons*, 937 F.2d 26, 30 n. 5 (2d Cir. 1991) (same).

It is well-established that a federal prisoner must exhaust administrative remedies prior to seeking habeas corpus relief from a federal court pursuant to 28 U.S.C. § 2241.

*Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 633-35 (2d Cir. 2001); *Guida v. Nelson*, 603 F.2d 261, 262 (2d Cir.1979) (*per curiam*).[1]

Allaben concedes that he has not exhausted his administrative remedies. Petition at 9. Petitioner claims that his failure to exhaust should be excused on grounds of futility. Petition at 9-10. According to petitioner, because the new policy was enacted by the BOP General Counsel, it would be futile to require exhaustion of administrative remedies at lower levels of the administration. *Id.*

Exhaustion of administrative remedies has been deemed to be futile where a petitioner seeks to challenge a newly adopted rule or policy which an agency has announced is to be followed, especially where the rule or policy has its origin above the highest level of available administrative review. *See e.g. Howard v. Ashcroft*, 248 F.Supp. 2d 518 (M.D.La. 2003) (exhaustion futile where petitioner challenges recent BOP policy declaring direct CCC placement unlawful); *Tasby v. Pratt*, 2002 WL 1160071 *2 (N.D.Tx. May 29, 2002) (exhaustion futile for petitioner's challenge to BOP policy declaring certain felony offenders ineligible for CCC placement).

In this case, however, even assuming that exhaustion of petitioner's claim regarding the revised BOP policy would be futile, petitioner does not claim that the alleged denial of

---

[1] A three-step administrative remedy procedure for federal prisoners is provided at 28 C.F.R. §§ 542.10- 542.19. The first step is taken by filing a Request for Administrative Remedy at the institution where the inmate is incarcerated. If the inmate's complaint is denied at the institution level, the inmate may appeal by filing a Regional Administrative Remedy Appeal with the Regional Office for the geographic region in which the inmate is confined. If the Regional Office denies relief, the inmate can appeal to the Bureau of Prison's Office of General Counsel. This is the third and final step of the process. Administrative remedies have not been exhausted until the inmate's claim has been filed at all levels and has been denied at all levels. *See* 28 C.F.R. § 542.15.

CCC placement flowed directly from the revised BOP rule or policy. As noted, petitioner refers to the denial of CCC placement based upon what petitioner refers to as his "offense conduct." As to this determination, any claim by petitioner that full exhaustion of his administrative remedies would be futile lacks merit.

Since petitioner has not demonstrated that he has exhausted the administrative remedies available to him, the Court lacks jurisdiction to entertain his petition, and this action must be dismissed. This dismissal is without prejudice to petitioner filing a new petition upon full exhaustion of his administrative remedies.

Accordingly, for the above-stated reasons, it is hereby

ORDERED, that petitioner's habeas petition is **dismissed** without prejudice to petitioner filing a new petition upon full exhaustion of his administrative remedies, and it is further

ORDERED, that the Clerk serve a copy of this Order on the petitioner by **regular** mail.

IT IS SO ORDERED.

United States District Judge

Dated: May 2, 2005
Utica, New York.